NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SKYLAR HATCHER,<br><br>          Plaintiff-Appellant,<br><br>     v.<br><br>AKASH HOTELS INTERNATIONAL, INC., DBA Super 8 Motel Yuma; UNKNOWN PARTIES, named as: John Does I-V and Jane Does I-V, ABC Corporations I-V, and XYZ Partnerships I-V,<br><br>          Defendants-Appellees. | No. 22-15005<br><br>D.C. No. 2:20-cv-02138-DWL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted April 17, 2023**

Before:     CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Skylar Hatcher appeals from the district court's judgment dismissing her

action alleging employment discrimination in violation of the Americans with

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Disabilities Act ("ADA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's sua sponte dismissal for failure to state a claim. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).  We vacate and remand.

The district court dismissed Hatcher's action on the ground that Hatcher failed to allege facts sufficient to state a plausible ADA discrimination claim.  However, Hatcher alleged that she has a disability, achondroplasia, a type of dwarfism, and although she was able to perform all her job duties as a housekeeper by using a stool or ladder, her employer fired her explicitly because she could not do the work because of her height.  Accepting these allegations as true and construing them in the light most favorable to Hatcher, we conclude Hatcher has adequately alleged an ADA discrimination claim.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (to survive a Rule 12(b)(6) dismissal, a plaintiff must successfully "nudge[ ] [her] claim[ ] across the line from conceivable to plausible"); *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1136 (9th Cir. 2001) (elements of a claim for discrimination under Title I of the ADA).  We vacate the judgment and remand for further proceedings.

**VACATED and REMANDED.**

22-15005